## NEELEY v. PHILLIPS.

### Opinion delivered January 11, 1902.

LANDLORD'S LIEN—WAIVER—WHEN PERSONAL.—Where a landlord executed to one who held a mortgage on his tenant's crop a waiver of the priority of his lien as landlord, without authorizing an assignment thereof, and thereafter the mortgage was assigned, but the assignee's agent was told by the landlord before the assignment that the waiver was personal to the mortgage, and the conduct of the parties showed that such was their intention, the waiver did not pass with the assignment of the mortgage.

Appeal from Crittenden Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

*Appellant pro se.*

The burden was on Hodges to establish the superiority of his lien. 46 Tex. 112. The waiver was personal, and could not be assigned. 152 U. S. 654; 9 Mo. App. 495; 2 Am. & Eng. Enc. Law (2d Ed.), 1037; Poll. Cont. (4th Ed.) 425; 127 U. S. 387; 45 Mo. 106.

*L. P. Berry,* for appellees.

The waiver of lien was a valuable security or right, and as such passed to the assignee of the debt. Story, Eq. Jur. § 1047a;

74 N. Y. 348; 18 Ark. 575; 26 Ark. 451; 40 N. Y. 41; 18 Wall. 151; 2 P. & W. 296; 13 Pa. St. 416; 17 S. & R. 400; 17 Johns. 284; 4 W. & S. 92; 42 Miss. 397; 18 Pa. St. 394; 16 Ill. 457, 472; 30 Ind. 244; 38 Cal. 263; 10 Kan. 406; 93 U. S. 109; 71 Mo. 387; 58 Ala. 10.

BUNN, C. J.   J. A. Phillips rented the plantation of J. C. Neeley, in Crittenden county, for the year 1898, for the rental sum of $800.   He was financially unable to run the plantation without assistance from others in the way of supplies, and Neeley was not so situated as to give him the desired aid.   Phillips negotiated with Godfrey, Frank & Co., furnishing merchants, of Memphis, Tenn., who agreed to furnish him; Neeley at the same time, as a matter of inducement to them, agreeing to waive his landlord's lien in their favor to the extent of $1,200 in money and supplies to be furnished to Phillips for the year.   Phillips then gave Godfrey, Frank & Co., through a trustee, a deed of trust conveying his crops of cotton and corn for the year, and other things, as security for such advances, and the customary promissory note for the amount, and Neeley gave to them at the same time a written waiver of his prior lien, according to their previous agreement, which is in words and figures as follows:

"In consideration of one dollar to me in hand paid by Godfrey, Frank & Co., of Memphis, Tenn., the receipt of which is hereby acknowledged, and for the further consideration that Godfrey, Frank & Co. have agreed to furnish J. A. Phillips, a tenant on my plantation, with money and supplies during the year 1898, as specified in a deed of trust executed by the said Phillips in their favor, I hereby waive, in favor of said Godfrey, Frank & Co., all my lien as landlord, for rent, advances or otherwise, on the crops to be grown during the year aforesaid to the amount of $1,200, and further agree that the tenant may ship to the said Godfrey, Frank & Co. all agricultural products grown upon the said premises during said year, to be sold, and the proceeds applied first to the discharge of the indebtedness secured by the deed of trust in their favor, and costs thereof, to the amount of $1,200, and the balance, if any, to be applied to the payment of the rent due me.   [Signed] J. C. Neeley."

Subsequently (the date not stated), Godfrey, Frank & Co. assigned and transferred the deed of trust to one C. L. Lewis, as the agent of A. Hodges, for the expressed consideration of $465.23,

and indorsed his transfer on the back of the deed of trust. At the same time they gave back the written waiver to J. C. Neeley. Afterwards, finding that the crops on the plantation were being carried away by or for others than Godfrey, Frank & Co., Neeley brought suit by attachment on the rent claim against Phillips; and Hodges intervened, claiming a lien on the crops as assignee of the deed of trust from Godfrey, Frank & Co. and the benefits of the waiver given by Neeley to Godfrey, Frank & Co., which he contends goes with the assignment of the deed of trust as a matter of law. This contention of Hodges constitutes the main issue in the case, and was sustained in favor of Hodges by the chancellor— the cause having been transferred to the equity court of the district—from which decree the plaintiff, Neeley, appealed to this court.

In *Arkansas Valley Smelting Company* v. *Belden Mining Co.* 127 U. S. 387, the supreme court said: "Every one has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. In the familiar phrase of Lord Denman, 'You have the right to the benefit you anticipate from the character, credit and substance of the party with whom you contract.'" The waiver under consideration, exhibiting in its very language and terms something of the elements of trust and confidence, and having not the mere payment of money for its consideration, shows that the written waiver is not necessarily, as a matter of law, general, and as forming a part of and going with the deed of trust in the assignment thereof. This being true, the question is one of fact, going to show the real intention of the parties in making and accepting the written waiver, whether it was understood to be personal or general in its operation.

The uncontradicted testimony in the case shows that while Lewis, the agent of Hodges, was negotiating with Godfrey, Frank & Co. for the purchase of the deed of trust, he was informed in plain and emphatic terms by Neeley in person that the latter had made the waiver as personal to Godfrey, Frank & Co., and still insisted that such was the true intent and meaning of the same between himself and the latter. He also testifies that he so held in conversation with them; and by their conduct they corroborate Neeley in this, in surrendering the written waiver back to him after the assignment of the deed of trust to Lewis for Hodges. The knowledge of Lewis was the knowledge of his principal.

Hodges, on the subject. We are therefore of opinion that it is fairly shown that the waiver was personal, and all the parties to this suit knew that fact, and, that being so, the decree of the chancellor on that issue should be reversed.

There is a question of damages growing out of the care, or alleged want of proper care, of the property after the levy of the attachment. It is claimed that the sheriff entrusted the property, which appears to have been the ungathered crops in the field, to a person designated by the plaintiff as custodian, and that he suffered the stock in the neighborhood to get in and depredate upon the crops, to the great damage of the tenant and intervener. To this the custodian as a witness testifies, in effect, that the fencing was old and inefficient, and that he did everything in his power to preserve the crops. It appears really that there was no evidence to support the charge, and as the attachment is shown not to have wrongfully sued out, we see no grounds for the assessment of damages. Reversed and remanded, with directions to enter decree in accordance with this opinion.

RIDDICK, J., not participating.